## DISCOVERY.

ARCHIBALD McINTYRE and others, appellants, *v.* GEORGE W. MANCIUS and JAMES BROWN, respondents. On appeal, 16 J. R. 592–602.

In Ch. 3 J. C. R. 45.

*Discovery to aid Defence in Suit at Law; What Necessary to State in Bill; Demurrer to Discovery.*

THE appellants filed their bill of discovery, in July, 1817, against the respondents, stating in substance that they, without interest and for accommodation of Dow and Menzies, endorsed for them their note for $4,000 in blank; that the note passed to the defendant Mancius, as his property; that they have a good and perfect defence to the note, and that the other defendant Brown, is a material witness for them, and had not when the suit was brought, and has not now any interest in the note. That the suit has been brought by Mancius under the blank endorsement, in the name of both defendants, B. and M., with full knowledge of the materiality of Brown's testimony, and with the sole view of depriving the plaintiffs (McIntyre and others) of his testimony. That there are facts exclusively in his knowledge, which can not be proved *aliunde*, and that Dow and Menzies are

insolvent. The defendants demurred to the bill of discovery, and stated as special causes of demurrer, that the plaintiffs have not set forth the nature of their defence at law, and do not show that the discovery sought is necessary or would be material.

The plaintiffs after the demurrer was put in, presented a *petition*, stating these facts, and that it was unsafe for them to proceed to trial at the circuit, without the discovery, and praying an injunction.

Kent, Chancellor, *denied* the injunction. "There is not sufficient set forth in the bill to entitle the plaintiffs to the aid prayed for. The nature of the defence at law ought to have been stated. For anything that appears on the bill, the discovery sought, may be utterly useless or frivolous, or it may be to enable the defendants at law, to convict the plaintiffs of a crime, or to subject them to a forfeiture. It is not improbable that the defence at law is usury, and then the assistance of this court would be obtained without a previous offer to do the present defendants justice, by paying the sum equitably due. Tho court ought not to compel a discovery when the object of it is kept concealed. On that single ground then, of a want of disclosure by the bill of the purpose for which the discovery sought is to be used, the motion for an injunction is denied." 3 J. C. R. 45–46.

The demurrer was afterwards brought to a hearing at the September term, 1818, of the Court of Chancery, when the Chancellor decreed that the appellants bill should be dismissed with costs.

From this decree an appeal was taken to this court, and after argument the decree of the Chancellor was *reversed.*

Spencer, Ch. J., delivered the only opinion. He says: "If this were a bill of discovery in the ordinary sense, I should entertain no doubt but that the demurrer was well founded. It is a bill to discover whether Brown, who is alleged to be a material witness for the appellants on the trial of the suit at law, has not been made a party collusively, without having any interest in the subject matter of the suit, and for the purpose of depriving the appellants of the benefit of his testimony. In this view, it is a case of the first impression and novelty, and it must be examined and

decided upon general principles, and analogies drawn from adjudged cases."

"As a general rule, a bill of discovery must state the matter in relation to which the discovery is sought, the interest of the party, with the right to require the discovery." He thus states the points.

"Does the bill in this case sufficiently state the appellants' case, the nature of the defence proposed to be aided by the discovery sought; and will the respondents be exposed to a criminal prosecution or penalty if they answer the interrogations of the bill affirmatively, and is the discovery material?

"In the present case, no facts are required to be answered to, which would be evidence in the trial at law; for admitting that Mancius alone paid the consideration for the transfer of the note, and that Brown had no kind of interest in it, this would not defeat the suit at law. It might still be prosecuted in their joint names, and Brown be merely a trustee in part for Mancius. For all the purposes of the discovery sought, the bill is full and ample; the appellants seek to have Brown as a witness for them at law, on the ground that he has been wrongfully made a party, without any interest in the suit, and to deprive them of the benefit of his testimony, and in that view, as they ask for no *facts* to be used as evidence on the trial, it was, I apprehend, enough to allege generally, that they had a defence, of which the respondents sought to deprive them, by incapacitating their witness from testifying by the contrivance of making him a formal party on the record.

"It was urged that the discovery might be for the purpose of proving by the testimony of Brown, that the note was given for an usurious consideration; but no part of the bill leads to any such inquiry, and we are not at liberty, on vague conjecture, to presume any such defence. If Brown has been joined as a party to the suit at law, without any interest in the subject, and for the express purpose of depriving the appellants of his evidence, it would in my opinion form no objection to the discovery sought for, that Brown might prove the note usurious." As to this point he cites the case of the *Earl of Suffolk* v. *Green* and others, 1 Atk. 449,

where Lord Hardwicke said, "a man may, in many cases, bring a bill to *perpetuate testimony*, where he can not bring a bill for relief without waiving the penalty."

"If the facts turn out to be as alleged, that the respondents have made Brown a party, to prevent his being used as a witness, without his having any interest in the note, it is surely an attempt to pervert and evade justice ; and our laws must be deplorably defective, if there be no remedy in such a case. I am fully satisfied there is a remedy, and that the Court of Chancery ought to have entertained the bill, and compelled an answer to it."

"It has indeed been insisted, that if the respondents answer and admit the facts stated in the bill, that then Brown can not be made a witness, so long as he remains a party to the record. I will not anticipate the opinion of the Supreme Court on that point, further than to say, that there must be some method of making Brown a witness, if he has no interest in the suit at law, except what he has acquired after the appellants became entitled to h.s testimony."

The court accordingly (Bowne, Senator, dissenting) pronounced judgment of *reversal.*